IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RASHAD K. RICHMOND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-1096-NJR |
| | ) |
| C/O KESSLER, C/O CRAWFORD, C/O HINTERSCHER, LIEUTENANT DELLINGER, DR. PITTMAN, ZOLLARS, C/O STANLEY, C/O DASH, and LIEUTENANT LIVINGTON, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Rashad K. Richmond, who at the time he filed his Complaint was an inmate of the Illinois Department of Corrections ("IDOC") incarcerated at Hill Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while he was incarcerated at Lawrence Correctional Center. In the Complaint, Plaintiff alleges Hinterscher sexually abused him and excessive force was used against him. He asserts claims against the defendants under the Eighth Amendment. Plaintiff seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Plaintiff makes the following allegations: On July 11, 2019, Officer Hinterscher escorted Plaintiff from his cell to his daily mental health group (Doc. 1, p. 9). Hinterscher stopped Plaintiff and reached for his groin. Plaintiff alleges that this amounted to sexual abuse and asked Hinterscher what he was doing. Hinterscher informed him that he was performing a search procedure and then grabbed Plaintiff's penis again, after Plaintiff told him he was not conducting the search the right way and was touching his penis (*Id.*). Plaintiff requested to be placed in the shower and make a Prison Rape Elimination Act ("PREA") call.

C/O Crawford, C/O Kessler, and Lt. Dellinger approached, and Plaintiff informed them that he was just sexually abused and he wanted to make a PREA call. Dellinger refused and told Plaintiff he was going back to his cell (*Id.* at p. 9). All four officers used excessive force on Plaintiff by bending his arms, twisting his wrists, and pulling on his arms and fingers when Plaintiff grabbed ahold of the railing to prevent the officers from taking him to his cell. In his cell, they continued to use excessive force. C/O Kessler shoved Plaintiff by the back of the neck, C/O Crawford grabbed Plaintiff by the hair and put him in a chokehold, and Hinterscher wrapped chains around his neck preventing him from breathing (*Id.* at p. 10). After Plaintiff was knocked to the floor, they then hit him in the head and back numerous times. Plaintiff passed out from an anxiety attack and he was taken to the healthcare unit. He was released by Dr. Pittman after Pittman deemed his vitals were stable, but Pittman did not check Plaintiff for injuries. He was placed on crisis watch by mental health professional Zollar after she was informed by the correctional officers that Plaintiff said he was going to kill himself (*Id.* at p. 11). Zollar did not see Plaintiff during the altercation.

Plaintiff spent two weeks on crisis watch and could not eat because his tonsils were sore from being chocked by the officers. He asked C/O Stanley, C/O Dash, and Lt. Livingston for

medical care on a number of occasions while on crisis watch but they refused (*Id*. at p. 11). Plaintiff missed 21 meals because he could not eat.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following three counts:

> **Count 1:** **Hinterscher sexually abused Plaintiff in violation of the Eighth Amendment.**
>
> **Count 2:** **Hinterscher, Crawford, Kessler, and Lt. Dellinger used excessive force on Plaintiff in violation of the Eighth Amendment.**
>
> **Count 3:** **Stanley, Dash, and Lt Livington were deliberately indifferent to Plaintiff's injuries and his inability to eat in violation of the Eighth Amendment.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

## Preliminary Dismissals

Plaintiff identifies Dr. Pittman and Mrs. Zollars as defendants, but he fails to allege that they violated his constitutional rights. He alleges that Dr. Pittman did not check his injuries, but he does allege Dr. Pittman found his vitals to be clear enough to be released to crisis watch. There are no allegations to suggest that Dr. Pittman was deliberately indifferent in treating Plaintiff.

As to Mrs. Zollars, he only alleges that she placed him on crisis watch after the officers told her that Plaintiff said he was going to kill himself. He further alleges that she did not see or

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

talk to him after the altercation. The allegations do not suggest that Zollars acted with deliberate indifferent in placing Plaintiff on crisis watch.

## Count 1

Plaintiff states a claim against Hinterscher for cruel and unusual punishment. *Washington v. Hively,* 695 F.3d 641, 643 (7th Cir. 2012) (citations omitted); *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) (verbal harassment, coupled with other instances of sexual harassment stated an Eighth Amendment claim); *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) ("A sexual assault on an inmate by a guard ... is deeply offensive to human dignity").

## Count 2

Plaintiff also states a claim against Hinterscher, Kessler, Crawford, and Dellinger for excessive force. *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).

## Count 3

Plaintiff also states a viable claim for deliberate indifference against Stanley, Dash, and Livington. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment).

## Disposition

For the reasons stated above, Count 1 shall proceed against Hinterscher. Count 2 shall proceed against Hinterscher, Crawford, Kessler, and Dellinger. Count 3 shall proceed against Stanley, Dash, and Livington. Dr. Pittman and Mrs. Zollars are **DISMISSED without prejudice** for failure to state a claim and the Clerk is **DIRECTED** to **TERMINATE** them from the docket.

The Clerk of Court shall prepare for Defendants C/O Hinterscher, C/O Kessler, C/O Crawford, Lieutenant Dellinger, C/O Stanley, C/O Dash, and Lieutenant Livington: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of

Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 12/11/2019**

_____
**NANCY J. ROSENSTENGEL
Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**